IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRSTI LOUGHERY, formerly known as KIRSTI RAGULA,<br>          Plaintiff,<br><br>vs<br><br>MID-CENTURY INSURANCE CO.,<br>          Defendant. | Civil Action No. 19-383<br>Magistrate Judge Dodge |

## ORDER

Plaintiff Kirsti Loughery brings this action against Defendant Mid-Century Insurance Co. ("Mid-Century"), arising out of Mid-Century's handling of her claim for first-party income loss benefits following a motor vehicle accident which occurred on October 24, 2016. Plaintiff sought benefits based on her claim that her injuries have rendered her unable to work at her "Maid in the USA" cleaning business since September 1, 2018 (Compl. ¶ 63). She alleges that Mid-Century denied her request for income loss benefits by insisting that she submit to a medical examination with a physician whom it selected. The Complaint alleges claims of breach of contract, breach of the duty of good faith and fair dealing and bad faith in violation of 42 Pa. C.S. § 8371.[1] In her breach of contract claim, Plaintiff asserts, in part, that Mid-Century breached the insurance contract by not providing the income loss benefits that she purchased and seeks damages in the amount of her ongoing income loss.

Currently pending before the Court is a Motion to Compel Physical Examination of Plaintiff filed by Mid-Century. Mid-Century brings this motion pursuant to Federal Rule of Civil Procedure 35(a), which provides in relevant part that a court may order a party whose physical

---

[1] The Complaint also alleged a claim under the Uniform Trade Practices and Consumer Protection Law (Count IV), but pursuant to a Memorandum Opinion and Order filed on October 2, 2019 (ECF No. 13), that claim has been dismissed.

condition is in controversy to submit to a physical examination upon good cause shown.[2] After Plaintiff filed a response in opposition, the Court heard oral argument on the motion.

After Plaintiff was injured in an auto accident in October of 2016, she received income loss benefit payments for a certain period of time from Mid-Century pursuant to claims made against her first party benefits. Beginning in February of 2017, Plaintiff received medical treatment from David DeChellis, D.O. In August of 2018, Dr. DeChellis recommended that she stop working due to an aggravation of her symptoms. After Mid-Century was supplied with reports from Dr. DeChellis and Dr. Gerard Myers to that effect, Mid-Century attempted to schedule an IME. According to Mid-Century, the medical records of Dr. DeChellis and Plaintiff's continuation of her employment "gave Mid-Century the basis to deny any additional income loss benefit payments as she was, indeed, working." (ECF No. 20 at 2.) Plaintiff declined to submit to an IME and ultimately, this lawsuit followed.

Mid-Century asserts that Dr. DeChellis' report does not specify the restrictions preventing Plaintiff from working in her business, or in any capacity, from symptoms related to the accident. Mid-Century contends that because Plaintiff bases her inability to work on injuries sustained in the accident at issue, it has good cause to request the exam because the doctor's reports she submitted appears to link her inability to work at her job to the repetitive nature of the work rather than specifically connecting it to her injuries from the accident.

---

[2] The Court acknowledges that pursuant to the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1796(a) ("MVFRL"), an insurer seeking an IME over the objections of the insured must seek a court order upon good cause shown. Once a lawsuit has been filed, however, Rule 35 of the Federal Rules of Civil Procedure governs whether an IME is warranted. "The Supreme Court has held that Rule 35 is a rule of procedure, and in federal litigation 'the District Court was not bound to follow the [state] practice respecting an order for physical examination.'" *Durmishi v. Nat'l Cas. Co.*, 720 F. Supp. 2d 862, 874 (E.D. Mich. 2010) (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10 (1941)). Regardless, a showing of good cause is necessary in either instance.

In opposition to Mid-Century's motion, Plaintiff cites to the recent decision of *Sayles v. Allstate Insurance Co.*, 2019 WL 6138409 (Pa. Nov. 20, 2019), in which the Pennsylvania Supreme Court held that insurance policy provisions that require an insured to submit to a medical exam whenever the insurer requests it fundamentally conflict with Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1796(a), which requires an insurer to petition a court and show good cause to obtain a medical exam. She claims that the "proper method" of scheduling an IME is under the MVFRL. The Court agrees that pre-lawsuit, this is the appropriate method. However, now that Plaintiff has commenced a lawsuit to recover income loss benefits, the Court must consider whether Mid-Century has met the requirements of Rule 35 of the Federal Rules of Civil Procedure.[3] Plaintiff also takes the position that Mid-Century has not shown good cause for an examination by a doctor of Mid-Century's choosing, although she acknowledged that, to the extent the exam would relate to her present condition, it could be relevant to this case.

Plaintiff is seeking income loss benefits from Mid-Century based upon her assertion that she has been unable to work since September 1, 2018. (Compl. ¶ 63.) Therefore, her medical condition is at issue. The medical reports that were submitted to Mid-Century over a year ago do not provide information about her present condition. Further, Mid-Century asserts that the medical reports that Plaintiff provided in 2018 are unclear as to whether her inability to work at

---

[3] While not directly relevant to the issue in this case, it is worth noting that in *Sayles,* the Supreme Court rejected the IME provisions in the policies at issue in part because they did not require an insurer to file a petition with a court or show good cause. While theoretically possible that the insured could challenge the insurer's directive to undergo an IME by commencing a court action and then attempting to show that the request is not "reasonably required," the Court noted that: "however, such a process would require the insured to initiate legal proceedings, and critically, it wholly shifts the cost and burden of proof to the insured to show that the IME is not warranted, rather than requiring the insurer to show good cause for it, which is in conflict with Section 1796(a)." *Id. at \*12* n.12. In contrast, under the criteria established by Rule 35, Mid-Century remains obligated to seek an order and show good cause.

her job is the result of the repetitive nature of the work or her injuries from the accident. Therefore, Mid-Century has established good cause for an IME.[4]

Therefore, this 23rd day of December, 2019, IT IS ORDERED that Defendant's Motion to Compel Physical Examination of Plaintiff (ECF No. 20) is granted. Mid-Century shall notify the Court and Plaintiff by January 10, 2020 of the person who will conduct the examination as well as the date, time, place, manner, conditions and scope for the physical examination. Mid-Century shall provide reasonable notice to Plaintiff of the date and time of the examination.

BY THE COURT:


s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[4] It should be noted, however, that whether an examining physician can opine on Plaintiff's ability to work as of September 1, 2018 remains an open question at this time.