IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRSTI LOUGHERY, formerly known as KIRSTI RAGULA, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 19-383 ) Judge W. Scott Hardy ) |
| MID-CENTURY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Presently before this Court is Defendant Mid-Century Insurance Company's ("Mid-Century") Motion to Strike the Objections and to Have its Requests for Admissions to Plaintiff Deemed Admitted ("Motion to Strike") (Doc. No. 59), Plaintiff Kirsti Loughery's Response and Brief in Opposition (Doc. No. 61), and Mid-Century's Reply (Doc. No. 62). Defendant's Motion is granted in part and denied in part for the reasons set forth below.

Defendant's Motion seeks to strike Plaintiff's Objections to its Requests for Admission Nos. 4-6, 8-11, 14-19, 22-28, 30-31, 33, 35, 40-41, 44 and 45, contending that they are "evasive, non-responsive, and lack justification." Defendant's Motion further asks that Plaintiff's Responses to these Requests be deemed admitted or that Plaintiff be compelled to file Amended Responses. Plaintiff opposes this Motion, arguing mostly that Defendant's Requests for Admission improperly seek to have Plaintiff admit or deny "portions" of emails, medical records, and medical reports which do not accurately reflect their contexts, or which take the document out of context.

Federal Rule of Civil Procedure 36 governs Requests for Admission and Responses thereto. Accordingly, "[a] party may serve on any other party a written Request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). Then, Fed. R. Civ. P. 36(b) further provides, in part, that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(b). The responding party may also interpose an objection so long as such objection is not based solely on the ground that the request presents a genuine issue for trial. See Fed. R. Civ. P. 36(a)(5). The purpose of this procedure is to narrow the issues for trial to those which are genuinely contested. See United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 967 (3d Cir. 1988); McCarthy v. Darman, 2008 U.S. Dist. LEXIS 47549 at *1-2 (E.D. Pa. June 17, 2008); Guinan v. A.I. duPont Hosp. For Children, 2008 U.S. Dist. LEXIS 27798 at *4 (E. D. Pa. Apr. 7, 2008).

The substance of the requests themselves should contain statements of fact that are simple and concise so that they can be denied or admitted with minimal need for explanation or qualification, and be answered yes, no, the answerer does not know, or a very simple and direct explanation given as to why an answer cannot be supplied such as when privilege is invoked. United Coal, 839 F.2d at 967-68.

A denial is a perfectly reasonable response when an issue in dispute is requested to be admitted. United Coal, 839 F.2d at 967. However, answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the

essential truth contained therein are impermissible.  <u>Guinan</u>, 2008 U.S. Dist. LEXIS 27798 at *4. Moreover, an answer may be qualified if the request posits a statement that contains some truth but conveys unwarranted and unfair inferences when standing alone and out of context of the whole truth.  <u>McCarthy</u>, 2008 U.S. Dist. LEXIS 47549 at *12 (citing cases).  However, while the responding party may qualify a response when a request contains a statement that is only partially true, the responding party may not make "disingenuous, hair-splitting distinctions whose unarticulated goal is to unfairly burden an opposing party."  <u>McCarthy</u>, 2008 U.S. Dist. LEXIS 47549 at *12, citing <u>Thalheim v. Eberhaeim</u>, 124 F.R.D. 34, 35 (D. Conn. 1998) (citations omitted).

Once the responding party answers or objects, the requesting party may seek a judicial determination as to the sufficiency of the answers and the propriety of any objections.  In evaluating the sufficiency of such answers and objections, the Court should consider: (i) whether the denial fairly meets the substance of the request; (ii) whether good faith requires that the denial be qualified; and (iii) whether any "qualification" which has been supplied is a good faith qualification.  <u>Guinan</u>, 2008 U.S. Dist. LEXIS 27798 at *4.

The "Exact Language" Objection

Plaintiff objects to Request Nos. 4, 6, 8, 10-11, 14-17, 19, 23-27, 31-33, and 45, contending that these requests do not represent or contain the "exact language" of the documents referenced therein.  In some instances, Plaintiff further objects or answers stating that a referenced document "speaks for itself" or that the referenced documents are incomplete.[1]

---

[1]  See e.g., Responses to Request Nos. 16 and 17.

By way of example, Defendant's Request No. 4 asks Plaintiff to admit having sent an email to Defendant's representative on February 21, 2017 stating that she planned to take off time from work to attend physical therapy and that she requested payment for wage loss, referencing the email at issue by its production label "MCI 0963-0964." Plaintiff objects to this Request, contending that "it does not represent the exact language contained in the e-mail dated February 21, 2017." However, Plaintiff's response also admits the genuineness and contents of the email labeled MCI 0963-0964 as referenced in the Request.

Similarly, Defendant's Request No. 6 asks Plaintiff to admit that her counsel sent to Defendant's representative a September 22, 2017 letter (referenced in the Request itself by its production label "MCI 0994") advising that Plaintiff was scheduled for surgery in early October, that Plaintiff was likely to have an additional surgery in December or January, and that Plaintiff would need to file a claim for first party wage loss. Once again, Plaintiff objects but then admits the genuineness of the referenced document and admits that her counsel sent the document.

As in these two examples, a review of each of the other Requests reveals that Plaintiff interposes objections but nonetheless admits the genuineness of the documents referenced therein and admits to the action taken upon such documents (e.g., sending it, receiving it, etc.). Defendant contends that Plaintiff's objections to these Requests are evasive, non-responsive, and lack justification. Defendant asserts that there is no justifiable basis or rule of law for Plaintiff's objections simply because the Requests do not contain the "exact language" of the document with which they pertain. While Defendant is correct that it is not proper grounds for objection that the characterization of a referenced document is misquoted or taken out of context, see e.g., Guinan, 2008 U.S. Dist. LEXIS 27798 at *14, Defendant has not demonstrated that Plaintiff's responses

are evasive or non-responsive.[2]  At most, Defendant has demonstrated that Plaintiff's responses, when read in their totality, erroneously deploy objections when partial or qualified denials would have been the proper way to respond.  See e.g., Doe v. Mercy Health Corp., 1993 U.S. Dist. LEXIS 13347 at *36 (E.D. Pa. September 15, 1993) (". . . it is not grounds for objection[] that the quoted or referenced statements are misquoted or taken out of context, or that 'the documents speak for themselves.'  If [the responding party] believes that the [documents] do not say what the [the requesting party] asks him to admit they do, or are otherwise 'taken out of context', he may deny the RFA.  If, on the other hand, the statements are accurately quoted or referenced, he must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement."). Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to amend her answers accordingly.

Objections Based Upon "Lack of Recall"

Plaintiff objects to Request Nos. 28 and 30, contending: (i)  that she cannot recall whether she provided Defendant a signed tax authorization on or before February 18, 2020, and (ii) that she cannot recall whether she provided Defendant "partially legible partial copies of her schedule Cs and not her complete tax returns."  These Requests elicit admissions or denials of factual averments in accordance with Fed. R. Civ. P. 36(a)(1)(A), and thus such objections ought to have been stated as admissions, denials, or partial or qualified admissions or denials.

---

[2]     Defendant has not supplied the Court with the documents referenced in these requests (e.g., the February 21, 2017 email labeled "MCI 0963-964" in Request No. 4, etc.) in order for the Court to compare their actual contents to the factual characterizations of those documents as expressed in the requests, and so has not demonstrated that Plaintiff's responses do not fairly meet the substance of the requests rather than answer the essential truths contained therein.

Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to amend her answers. In doing so, Plaintiff ought to be mindful of Fed. R. Civ. P. 36(a)(4), which permits the answering party to assert lack of knowledge or information as a reason for failing to admit or deny, but only if the party states having "*made reasonable inquiry* and that the information it knows or *can readily obtain* is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).

Objection to Unspecified Medical Records

Plaintiff objects to Request No. 32 which seeks to elicit an admission that Plaintiff's injured trapezius first "appeared in Plaintiff's medical records approximately fifteen months after the October 24, 2016 auto accident[,]" contending that the medical records speak for themselves and that the Request does not specifically identify particular records or documents. Here, unlike Defendant's other Requests discussed *supra*, this request references "medical records" without any identifying specificity. While an objection stating solely that specified documents "speak for themselves" is not valid, Plaintiff's response, when read in its entirety, expresses a valid objection because the gravamen of the Request pertains to a category of documents – medical records – totally devoid of any identifying specificity. Accordingly, Plaintiff's objection to this Request is sustained.

Objections to Requests Seeking to Elicit Reasons for Rescheduling IME

Plaintiff objects to Request Nos. 34 and 35, contending that these requests improvidently seek to elicit admissions concerning Defendant's rationale for rescheduling an IME while awaiting the Court's resolution of Defendant's motion to compel it. Although Defendant correctly argues that these Requests "are purely factual in nature," Defendant does not proffer how or why the

rescheduling of a discovery device, i.e., the IME, is a subject "relevant to any party's claim or defense . . ." that would narrow issues for trial to those which are genuinely contested and thus befitting a request for admission in accord with Rules 26(b)(1) and 36(a). See United Coal, 839 F.2d at 967. Accordingly, Plaintiff's objections to these Requests are sustained.

### Objection Pertaining to Prior Testimony

Plaintiff objects to Request No. 43, contending that this Request seeks to elicit an admission of certain facts covered by Plaintiff's deposition testimony while under oath and which "speaks for itself." Again, the purpose for propounding requests for admission is to narrow the issues for trial to those which are genuinely contested and so Plaintiff cannot simply refer to other material, but must admit, deny, deny in part, and admit in part, or state that she is unable to admit or deny the statement. See United Coal, 839 F.2d at 967; see also McCarthy, 2008 U.S. Dist. 47549 at *14. Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to amend her answers accordingly.

### Objections Pertaining to Plaintiff's Tax Returns

Plaintiff objects to Request Nos. 40 and 41, contending that these Requests each seek to elicit a "conclusion" regarding accounting practices pertaining to her tax returns for which Plaintiff "is not experienced or an expert." Plaintiff objects to Request No. 44, contending that her 2018 tax returns referenced in the Request "speaks for itself" while also admitting the genuineness of the document. These Requests elicit admissions or denials of factual averments in accordance with Fed. R. Civ. P. 36(a)(1)(A), and thus such objections ought to have been stated as admissions, denials, or partial or qualified admissions or denials.

Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to amend her answers. In doing so, Plaintiff is again reminded of Fed. R. Civ. P. 36(a)(4), which permits the answering party to assert lack of knowledge or information as a reason for failing to admit or deny, but only if the party states having "*made reasonable inquiry* and that the information it knows or *can readily obtain* is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added). In the Court's estimation, Plaintiff should be able to make a reasonable inquiry of her tax preparers, whom she represents are amending these tax returns, in order to readily obtain the knowledge needed to respond sufficiently.

An appropriate Order will follow.

_W. Scott Hardy_
W. Scott Hardy
United States District Judge